IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) <br> NEW CENTURY TRS HOLDINGS INC., ) <br> a Delaware Corporation, *et al.*, ) <br> ) <br> Debtors. ) <br> _____ ) <br> ) <br> ANITA B. CARR, ) <br> ) <br> Appellant, ) <br> ) <br> v. ) <br> ) <br> JP MORGAN CHASE BANK, N.A., ) <br> CHASE HOME FINANCE, LLC, ) <br> *et al.*, and DOES 1-10, ) <br> ) <br> Appellees. ) | Chapter 11 <br> Bankr. No. 07-10416 (KJC) <br> (Jointly Administered) <br><br><br><br><br><br><br><br> Civ. No. 14-282-SLR |

**MEMORANDUM**

Appellant Anita B. Carr ("Appellant"), who proceeds pro se, appeals from a February 3, 2014 order of the United States Bankruptcy Court for the District of Delaware dismissing her case for lack of subject matter jurisdiction. (D.I. 1) Presently before the court is Appellant's motion for extension of time to file her opening brief (D.I. 30) and Appellee JP Morgan Chase Bank's ("Chase Bank") motion to dismiss the appeal (D.I. 34). For the reasons that follow, the court will deny Appellant's motion for extension of time, grant Appellee's motion, and dismiss this appeal.

1. **Standard of review.** This court has jurisdiction to hear an appeal from the bankruptcy court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the court applies a clearly erroneous standard to the bankruptcy court's findings of fact and a plenary standard to that court's legal conclusions. *See American Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999). With mixed questions of law and fact, the court must accept the bankruptcy court's "finding of historical

or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the [bankruptcy] court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" *Mellon Bank, N.A. v. Metro Commc'ns, Inc.*, 945 F.2d 635, 642 (3d Cir. 1991) (citing *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 101–02 (3d Cir. 1981)). The district court's appellate responsibilities are further informed by the directive of the United States Court of Appeals for the Third Circuit, which effectively reviews on a *de novo* basis bankruptcy court opinions. *See In re Hechinger*, 298 F.3d 219, 224 (3d Cir. 2002); *In re Telegroup*, 281 F.3d 133, 136 (3d Cir. 2002).

2. **Background.** On May 21, 2013, Appellant filed a complaint commencing an adversary proceeding against Chase Bank in the chapter 11 bankruptcy case of New Century TRS Holdings Corp. (D.I. 1, Att. 2). Appellant sought damages from Chase Bank for various violations of bankruptcy law and California law arising out of an attempted foreclosure of her Dublin, California residence. *Id.* Chase Bank moved to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), which the bankruptcy court granted on February 3, 2014. *Id.* Appellant appealed from the order dismissing her adversary proceeding by filing a notice of appeal with this court on March 4, 2014. (D.I. 1).

3. On March 21, 2014, Chase Bank filed a motion to dismiss this appeal for Appellant's failure to file her designation of record and statement of issues as required by Fed. R. Bankr. P. 8006. (D.I. 3) On March 25, 2014, Appellant responded by filing a motion for extension of time to file her designation and statement of issues, citing unpredictable medical conditions as the cause for her delay. (D.I. 8) ("First Extension Motion") The court denied Chase Bank's motion to dismiss without prejudice, granted Appellant's motion, and extended her deadline to file those opening documents to June 30, 2014. (D.I. 17) On June 13, 2014, the court entered an order withdrawing the appeal from mediation and establishing the initial briefing scheduling. (D.I. 21) That order set August 11, 2014 as the due date for Appellant's opening brief. *Id.* On June 30, 2014, Appellant filed her statement of issues and designation of record. (D.I. 22)

4. On August 7, 2014, Appellant filed another motion for extension of time to file opening appellant brief. (D.I. 24) ("Second Extension Motion")[1] In that motion, Appellant states that she conducts her own legal research and writing and, due to a recent surgery, would be unable to prosecute her appeal until October 13, 2014. (D.I. 24) She filed an accompanying note from her doctor under seal stating that Appellant is restricted from typing from March 28, 2014 to April 16, 2014. (D.I. 28) The court granted Appellant's motion and extended the deadline to November 10, 2014 for her to file her opening brief. (D.I. 29) ("September 17 Scheduling Order") The September 17 Scheduling Order expressly provided: "**NOTE: FAILURE OF THE APPELLANT TO TIMELY FILE APPELLANT BRIEF WILL LEAD TO DISMISSAL OF THE APPEAL.**" *Id.*

5. On November 10, 2014, the extended due date for the opening brief, Appellant did not file her brief, but instead filed another motion for extension of time. (D.I. 30) ("Third Extension Motion")[2] She again claimed that the recovery from her surgery prevented her from conducting her own legal research and writing. *Id.* Appellant filed another note from her doctor that again stated she was restricted from keyboarding or typing from October 13, 2014 to November 21, 2014. (D.I. 31) On November 18, 2014, Chase Bank filed a response opposing the Third Extension Motion and a motion to dismiss Appellant's appeal for lack of prosecution. (D.I. 33; D.I. 34) Appellant responded to Chase Bank's motion to dismiss on November 24, 2014. (D.I. 38)

6. **Chase Bank's motion to dismiss.** "Under Rule 8001(a) of the Federal Rules of Bankruptcy Procedure, the District Court is empowered to dismiss an appeal for failure to prosecute or otherwise follow the procedures set out in the Bankruptcy Rules." *In re Richardson Indus. Contractors, Inc.*, 189 F. App'x 93, 96 (3d Cir. 2006) (unpublished). Federal Rule of

---

[1] Appellant stylized this motion as her "First Motion for Extension of Time to File" on the electronic docket.
[2] Appellant stylized this motion as her "Second Motion for Extension of Time to File" on the electronic docket.

3

Bankruptcy Procedure Rule 8009(a) establishes that "[u]nless the district court or the bankruptcy appellant panel by local rule or by order excuses the filing of briefs or specifies different time limits: (1) The appellant shall serve and file a brief within 14 days after entry of the appeal on the docket pursuant to Rule 8007." Chase Bank argues that Appellant's repeated delays and failure to file an opening brief justifies dismissing this appeal for failure to prosecute. (D.I. 35, at 11) Appellant's response primarily focuses on the merits of her underlying claim, but also contends that her medical situation compels further extending her filing deadlines. (D.I. 38)

7. When considering motions to dismiss for failure to prosecute, the U.S. Court of Appeals for the Third Circuit has instructed that a district court must weigh the following factors:

> (1) the extent of the **party's** personal **responsibility**; (2) the **prejudice** to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a **history** of dilatoriness; (4) whether the conduct of the party or the attorney was **willful** or in **bad faith**; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of **alternative sanctions**; and (6) the **meritoriousness** of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). Before dismissing, the Court must consider less severe sanctions. *See Jewelcor Inc. v. Asia Commercial Co.*, 11 F.3d 394, 397 (3d Cir. 1993). A district court must weigh all six *Poulis* factors, though not all of them must be satisfied to dismiss the case. *United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 162 (3d Cir. 2003).

8. **The extent of the party's personal responsibility**. Appellant has filed this appeal pro se and, therefore, is personally responsible for her actions. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). The court finds that this factor weighs in favor of dismissal.

9. **The prejudice to the adversary caused by the failure to meet scheduling orders**. The docket indicates that Chase Bank has filed numerous motions and briefs in this case, none of which have addressed the merits of Appellant's appeal. (D.I. 3; D.I. 4; D.I. 13; D.I. 14; D.I. 27; D.I. 33; D.I. 34; D.I. 35) Instead of devoting resources to defending the appeal on its merits,

Chase Bank has had to expend resources responding to Appellant's delay. The court finds that Appellant's failure to comply with scheduling order deadlines has prejudiced Chase Bank.

10. **A history of dilatoriness**. Appellant filed this appeal on March 4, 2014, and nine months later, she has yet to file her opening brief. Appellant's repeated requests for extensions evidences dilatoriness in this appeal. (*See* D.I. 8; D.I. 24; D.I. 30) Appellant has demonstrated an ability to file motions for extension of time and timely responses to Chase Bank's motions to dismiss—thus keeping the appeal active—yet repeatedly delaying filing the necessary documents that would allow the appeal to progress on its merits. The court finds that this factor weighs in favor of dismissal.

11. **Whether the conduct of the party was willful or in bad faith**. The facts support a finding that Appellant's failure to prosecute her case was willful, though not necessarily in bad faith. Throughout this appeal, Appellant has claimed that medical reasons have restricted her ability to type, specifically from February 27, 2014 to April 15, 2014, and July 15, 2014 to November 21, 2014, with surgery occurring in between those two time frames. (*See* D.I. 28; D.I. 31) Appellant has provided some documentation from her doctor supporting the need for extensions, and the court has accommodated her requests thus far. (*See* D.I. 17; D.I. 29) During those time frames, however, the record indicates that Appellant has filed numerous typed papers via ECF filing, purportedly on her own behalf. (*See* D.I. 8; D.I. 9; D.I. 24; D.I. 30) This undercuts Appellant's claimed necessity for medical extensions. Moreover, Appellant was served with the court's September 17 Scheduling Order, which expressly warned: "**FAILURE OF APPELLANT TO TIMELY FILE APPELLANT BRIEF WILL LEAD TO DISMISSAL OF THE APPEAL.**" (D.I. 29); (*see also* D.I. 17) (providing similar warning to Appellant) Instead of complying with that order, Appellant filed the Third Extension Motion on the last day of the newly-extended deadline rather than her opening brief. The court finds that Appellant has demonstrated a clear, knowing disregard for the established deadlines in this case, leading this

factor to weigh in favor of dismissal. See Emerson, 296 F.3d at 191; see Sisk v. Sussex Cnty., No. CIV.A. 11-121-RGA, 2013 WL 240606, at *7 (D. Del. Jan. 22, 2013).

12. **The effectiveness of sanctions other than dismissal.** Appellant represents herself in this appeal pro se and the bankruptcy court has permitted her to proceed in forma pauperis. (D.I. 1, Att. 3). It is unlikely that monetary sanctions would be effective. See Krieger v. Russell, 286 F.R.D. 261, 263 (D. Del. 2012).

13. **The meritoriousness of the claim or defense.** In considering whether a claim or defense appears to be meritorious, "[the court does not] use summary judgment standards. A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Poulis, 747 F.2d at 869–70. The bankruptcy court found that it did not have subject matter jurisdiction over Appellant's claim and dismissed the claim pursuant to Fed. R. Civ. P. 12(b)(1). (D.I. 1, Att. 2). Appellant has not presented any facially plausible argument that suggests the bankruptcy court erred in dismissing her adversary complaint for lack of subject matter jurisdiction. The bankruptcy court's ruling weighs in favor of dismissal.

14. **Conclusion.** On balance, all Poulis factors weigh in favor of dismissing Appellant's appeal for failure to prosecute. Thus, the court will grant Chase Bank's motion to dismiss this appeal and deny Appellant's motion for extension of time to file opening brief as moot. An appropriate order shall issue.

UNITED STATES DISTRICT JUDGE